UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAVID CAMPBELL                                                                                  PLAINTIFF

V.                                                            CIVIL ACTION NO.1:07CV395 LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY
and MIKE MEYERS, ET AL.                                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

The Court has before it the plaintiff's motion [9] to remand and [15] for entry of an order for remand.  The Court also has before it defendants' request to allow remand-related discovery before the Court rules on the remand issue.  This request is embodied in the defendants' Response in Opposition [16] to the plaintiff's motion for entry of an order for remand.  For the reasons set out below, I will grant the defendants' request; I will allow forty-five days within which the parties may take remand-related discovery; I will allow ten days for the submission of evidentiary materials after this discovery period; and I will hold the motion [15] for entry of an order for remand and the motion to remand [9] in abeyance until the completion of this remand-related discovery.

Plaintiff David Campbell (Campbell) is the owner of the improvements on a parcel of real estate situated at 2456 Iki Place, Diamondhead, Mississippi.  This property was insured by State Farm Fire and Casualty Company (State Farm) under its homeowners policy number 24-E1-1080-6.  This homeowners policy provided limits: $230,400 Dwelling Coverage; $23,400 Dwelling Extension Coverage; $240,500 Contents Coverage; and loss of use.  This State Farm homeowners policy contains a flood exclusion.  This property was also insured under a Standard Flood Insurance Policy issued by State Farm, policy number 24-RM-2735-8.  This flood policy had liability limits of $230,600 Dwelling Coverage and $79,500 Contents Coverage.  The amount of $310,100 in flood insurance benefits, the liability limits for both the dwelling and contents, has been paid.

Plaintiff filed this action in the Circuit Court of Hancock County, and the defendants removed the action to this court on grounds of diversity of citizenship and the requisite amount in controversy.  Plaintiff's motion to remand challenges the propriety of the removal and the Court's subject matter jurisdiction under 28 U.S.C. §1332.  Both Campbell and Defendant Mike Meyers (Meyers), State Farm's local agent, are resident citizens of Mississippi, and if Campbell has stated a cause of action against Meyers, the complete diversity of citizenship necessary to establish this Court's subject matter jurisdiction is absent.

State Farm asserts that Campbell has no valid grounds to proceed on his claims against Meyers and that Meyers has been improperly joined to defeat this Court's

diversity jurisdiction.  In order to evaluate these assertions, I must apply a very liberal standard.  Under this standard, the Court must accept as true the material allegations of the complaint, and the Court must grant the plaintiff all reasonable inferences in support of his claims based upon those facts.  I must also resolve all doubtful issues of state law in favor of the plaintiff.  The complaint against the non-diverse defendant, Meyers, may be dismissed only if there is no reasonable basis for concluding that the plaintiff may establish a right of recovery against him.  Under this liberal standard, misjoinder or fraudulent joinder is as issue on which the removing party has the burden of proof.  *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981);  *See Dodson v. Spiliada Maritime Corp*. 951 F.2d 40 (5th Cir. 1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000).  In order to establish that removal is proper, State Farm and Meyers must demonstrate that there is no set of facts that Campbell can prove in support of his claim against Meyers that would entitle him to relief.

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care.  *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford,* 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

Plaintiff's complaint against Meyers involves two allegations of misconduct: 1) that Meyers misrepresented the terms of the State Farm policies he sold to Campbell, and 2) that Meyers failed to procure an adequate amount of flood insurance coverage for the contents of Campbell's property.  Plaintiff contends that Meyers should have notified him that his homeowners policy contained a flood damage exclusion, and Campbell contends that Meyers's failure to give him that notification constitutes negligence.  Campbell also contends that Meyers should have secured flood coverage for him with the same limits for contents coverage ($240,500) as the homeowners policy.  The flood policy provides only $79,500 contents coverage.  Campbell also contends that Meyers's failure to secure this coverage (and Meyers's failure to notify Campbell that he could secure this additional coverage for a low additional premium) constitutes negligence.

In my opinion, Campbell's claim against Meyers for failure to notify him that the State Farm homeowners policy contains a flood exclusion is invalid as a matter of law.  Campbell acknowledges that the homeowners policy was delivered to him, and the simultaneous purchase of a separate flood insurance policy belies any reasonable contention that Campbell was not aware that flooding was a risk excluded from the homeowners policy.  Campbell's other claim may be more substantial, but the validity of that claim depends on facts that are not reflected in the record and are not fairly inferable from the facts in the record or the allegations of the complaint.

Meyers's duty to his customer, Campbell, is to exercise reasonable care.  The actions reasonable care requires may vary depending on the nature and quality of the relationship between Meyers and his customer, the physical location of the insured property, and the details of the transaction in which the insurance is purchased.  As a

general rule, in the case of a customer who approaches an insurance agent and requests a quote for specified coverage, reasonable care would require only that the agent give an accurate and responsive quote.  The agent's duty may require more if the relationship between the agent and his customer involves the agent's giving advice concerning the coverages that are available and advisable.  Reasonable care requires the agent to give his customer accurate quotes and information concerning the coverages that are available, and, if the agent undertakes to give his advice on these points, he must take reasonable measures to assure that his advice is sound.  But it is ultimately the customer's decision which types of coverages to purchase and the limits of coverage he wishes to have.  If an agent gives his opinion on these issues, he is obliged to exercise reasonable care to give the advice appropriate to the customer's situation in light of the risks being insured against.

      Whether an insurance agent has met the duty of reasonable care is a fact for intensive inquiry.  Based on the allegations of Campbell's complaint, I cannot determine whether Meyers undertook to give Campbell any advice concerning the amount and kind of coverage Campbell should purchase, much less whether that advice, if any was given, was sound and was the product of reasonable care on the part of Meyers.  For that matter, there is not enough information in this record to ascertain whether Campbell followed any advice Meyers may have given.

      The jurisdictional issue now before the Court is critical, in that if I deny the plaintiff's motion to remand without a sound jurisdictional footing I may deprive the plaintiff of his right of action against Meyers, and, ultimately, risk the validity of any adjudication this Court may make.  If I grant the motion based on inferences that are not reasonable to make from the allegations of the complaint, I may deprive State Farm of its right to have this case decided in a federal forum.  Rather than attempting to decide the case on the record before me, I will allow the parties forty-five days within which to conduct limited discovery to enhance the record with respect to the issues outlined above.  I will allow both parties to submit any evidentiary materials they wish the Court to consider within ten days after the close of this discovery period.  I will hold the motion to remand in abeyance until this evidence is submitted or the time for its submission has elapsed.

      The parties should note that the local rules of Court permit remand-related discovery to proceed without leave of court and without a scheduling order while the case is stayed pending a decision on a motion to remand.

      Accordingly, it is

**ORDERED**

      That the defendants' request for an extension of time to take remand-related discovery is hereby **GRANTED** for a period of forty-five days, through and including April 21, 2008.  Between April 21 and May 5, 2008, the parties may submit any evidentiary materials they wish bearing on the question whether the plaintiff's motions

to remand should be granted.  The plaintiff's motions [15] [9] to remand will be held in abeyance during the time allowed for remand-related discovery and the submission of evidentiary materials.

    **SO ORDERED** this 5th day of March, 2008.

                                                                       s/ L. T. Senter, Jr.  
                                                                       L. T. SENTER, JR.  
                                                                       SENIOR JUDGE