UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DAVID CAMPBELL**                                                           **PLAINTIFF**

V.                                                        **CIVIL ACTION NO.1:07CV395 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**
**and MIKE MEYERS, ET AL.**                                  **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it the plaintiff's motion [9] to remand and plaintiff's motion [15] for entry of an order for remand.  The Court also has before it Defendant Mike Meyers' (Meyers) motion [27] to dismiss or in the alternative for summary judgment and Meyers' separate motion [29] for summary judgment.  For the reasons set out below, I will grant Meyers' motion for summary judgment, and I will deny the plaintiff's remand motions.  Myers' alternative motion will be denied as moot.

Plaintiff David Campbell (Campbell) is the owner of the improvements on a parcel of real estate situated at 2456 Iki Place, Diamondhead, Mississippi.  This property was insured by State Farm Fire and Casualty Company (State Farm) under its homeowners policy number 24-E1-1080-6.  This homeowners policy provided limits of $230,400 Dwelling Coverage; $23,400 Dwelling Extension Coverage; $240,500 Contents Coverage; and loss of use.  This State Farm homeowners policy contains a flood exclusion.  This property was also insured under a Standard Flood Insurance Policy issued by State Farm, policy number 24-RM-2735-8.  This flood policy had liability limits of $230,600 Dwelling Coverage and $79,500 Contents Coverage.  $310,100 in flood insurance benefits, the liability limits for both the dwelling and contents, have been paid.

Plaintiff filed this action in the Circuit Court of Hancock County, and the defendants removed the action to this court on grounds of diversity of citizenship and the requisite amount in controversy.  Plaintiff's motion to remand challenges the propriety of the removal and the Court's subject matter jurisdiction under 28 U.S.C. §1332.  Both Campbell and Meyers, State Farm's local agent, are resident citizens of Mississippi, and if Campbell has a valid cause of action against Meyers, the complete diversity of citizenship necessary to establish this Court's subject matter jurisdiction is absent.

State Farm and Meyers assert that Campbell has no valid grounds to proceed on his claims against Meyers and that Meyers has been improperly joined to defeat this Court's diversity jurisdiction.  On March 5, 2008, I entered an order [26] allowing forty-five days for remand-related discovery.  This discovery has now been completed, and the parties have submitted the evidence each deems relevant to these motions.

In order to evaluate the propriety of removal I must apply a very liberal standard. Misjoinder or fraudulent joinder is an issue on which the removing party has the burden of proof. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981); *See Dodson v. Spiliada Maritime Corp*. 951 F.2d 40 (5th Cir. 1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000). I will consider evidence outside the complaint, and therefore the F.R.Civ.P. 56 standard for summary judgment will apply to all four motions. In order to establish that removal is proper, State Farm and Meyers must demonstrate that there is no genuine issue of material fact and that Meyers is entitled to judgment as a matter of law. Meyers and State Farm have carried that difficult burden.

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford,* 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

Plaintiff's complaint against Meyers involves two allegations of misconduct: 1) that Meyers misrepresented or failed to properly explain the terms of the State Farm homeowners policy he sold to Campbell, and 2) that Meyers failed to procure an adequate amount of flood insurance coverage for the contents of Campbell's residence. Plaintiff contends that Meyers should have notified him that his homeowners policy contained a flood damage exclusion, and Campbell contends that Meyers' failure to give him that notification constitutes negligence. Campbell also contends that Meyers should have secured flood coverage for him with the same limits for contents coverage ($240,500) as the homeowners policy. The flood policy provides only $79,500 contents coverage. Campbell contends that Meyers' failure to secure this additional flood insurance coverage on the contents of his residence (and Meyers' failure to notify Campbell that he could secure this additional coverage for a low additional premium) constitutes negligence.

### Campbell's Theory of Misrepresentation

In my opinion, Campbell's claim against Meyers for failure to notify him that the State Farm homeowners policy contains a flood exclusion is invalid as a matter of law. Reliance on any representation Meyers may have made would be unreasonable if the representation conflicted with the written terms of the policy. Campbell acknowledges that the homeowners policy was delivered to him, and Campbell is charged with knowledge of the terms of his policy under Mississippi law. *Atlas Roofing Mfg. Co., Inc. v. Robinson & Julienne, Inc.*, 279 So.2d 625 (Miss.1973). Campbell's simultaneous purchase of a separate flood insurance policy belies any reasonable contention that Campbell was not aware that flooding was a separate risk excluded from the homeowners policy. Campbell purchased his State Farm homeowners policies in 1993. Any claim Campbell might have had for negligent misrepresentation was time barred three years from the time the representation was made. *Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 400 (5th Cir.2007).

**Campbell's Theory of Meyers' Negligence in Procuring Coverage**

Meyers' duty to his customer, Campbell, is to exercise reasonable care. The actions reasonable care requires may vary depending on the nature and quality of the relationship between Meyers and his customer, the physical location of the insured property, and the details of the transaction in which the insurance is purchased. As a general rule, in the case of a customer who approaches an insurance agent and requests a quote for specified coverage, reasonable care would require only that the agent give an accurate and responsive quote. Under applicable Mississippi law, an insurance agent is not under a duty to select or recommend particular types of coverage nor to select or recommend the amount of coverage an insured should purchase. *Thomas v. State Farm Mut. Auto. Ins. Co.*, 796 F.Supp. 231 (S.D.Miss.1992).

When a customer has secured coverage that is of the types and in the amount that is satisfactory to the customer, the agent has no duty to advise or recommend different coverage unless some important new information or a substantial change in circumstances comes to the attention of the agent. In that event, in some circumstances, reasonable care may require that the agent recommend changing the existing insurance in type or in amount. Even this recommendation is not within the standard of reasonable care unless the relationship between the insured and the agent is sufficient to establish reasonable reliance by the insured on the agent for advice concerning the coverages and amounts of coverage the insured should maintain. The agent is not required to supervise or monitor the insured's coverage choices. The duty of reasonable care requires appropriate recommendations only if the agent learns of important changes in circumstances or other new information indicating that the previous coverages are no longer adequate and the agent knows that the insured is reasonably relying upon the agent for advice concerning his existing coverage.

It is ultimately the customer's decision which types of coverages to purchase and the limits of coverage he wishes to have. If an agent gives his opinion on these issues, he is obliged to exercise reasonable care to give the advice appropriate to the customer's situation in light of the risks being insured against. After hearing this advice, the customer is free to accept or reject the agent's advice.

Campbell has not submitted any evidence that he ever sought Meyers' advice concerning the amount of flood insurance he should secure to protect the contents of his home, and there is no evidence in this record that Campbell gave Meyers any indication that the flood insurance on the contents of his home was inadequate. There is no evidence in this record that Meyers ever learned of any change in circumstances concerning the insured property. There is no evidence that Campbell acted on any recommendation Meyers made concerning the amount of coverage that was appropriate.

Meyers' affidavit indicates that he did not sell the original policies to Campbell and that had Campbell made any inquiry concerning his coverages he would have secured any additional coverage Campbell requested. (Exhibit A to Defendant Mike Meyers' Memorandum in Support of Motion to Dismiss or in the Alternative Motion for Summary Judgment and in Opposition to Plaintiff's Motion To Remand [28]) There is no evidence that Campbell reasonably relied upon Meyers for advice concerning the amount of coverage he should purchase for the contents of his home.

In light of Meyers' affidavit and in light of Campbell's having failed to submit an affidavit or other evidence to support his claim that Meyers was negligent in failing to recommend that Campbell obtain additional coverage contents under his flood policy, I find that Meyers has carried his burden under F.R.Civ.P. 56. An appropriate order will be entered.

**DECIDED** this 10th day of June, 2008.

                                                  s/ L. T. Senter, Jr.
                                                  L. T. SENTER, JR.
                                                  SENIOR JUDGE